[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15231
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20441-KMM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SARA FERNANDEZ ESCOBAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 26, 2018)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Sara Fernandez Escobar appeals her 41-month sentence, which reflected a

two-level sentencing enhancement, imposed after pleading guilty to one count of

conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. §

1349.  On appeal, Fernandez Escobar argues that the district court improperly applied a two-level enhancement for use of a sophisticated means because she acted at the direction of her co-defendants and did not know the offense would involve complex or intricate methods.  The government responds that we should affirm the sentence because the district court pronounced that it would have imposed the same sentence even without the enhancement, and the sentence is reasonable.  After thorough review, we affirm.

We normally review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.  United States v. Doe, 661 F.3d 550, 565 (11th Cir. 2011).  When the district court says it would have imposed the same sentence regardless of any guideline-calculation error, however, any error is harmless where the sentence would be reasonable even if the district court's guideline calculation was erroneous.  United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006).  Thus, we will not decide an enhancement challenge where "the district court t[ells] us that the enhancement made no difference to the sentence it imposed."  Id. at 1348.  Instead, we will ensure that the alternative sentence under 18 U.S.C. § 3553(a) is reasonable.  Id. at 1349-50.  Under this approach, we use the advisory guideline range as it would have been had the district court decided the enhancement issue in the defendant's favor.  Id.

2

We review the totality of the facts and circumstances to determine whether a sentence was substantively reasonable. United States v. Irey, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc). The district court must evaluate all of the § 3553(a) factors, but it may attach greater weight to one factor over the others. United States v. Dougherty, 754 F.3d 1353, 1361 (11th Cir. 2014). The factors for the court to consider include: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553 (a)(1), (3)–(7). Ordinarily, we expect a sentence that falls within the guideline range to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190.

Here, the district court clearly announced that it would impose the same 41-month sentence even if its application of the sophisticated means enhancement was incorrect. Keene, 470 F.3d at 1348. Thus, our task is to ensure that the alternative sentence under 18 U.S.C. § 3553(a) is reasonable. Id. at 1349. Under the

3

Sentencing Guidelines calculated without the two-level enhancement, Fernandez Escobar's adjusted offense level would have been 20 instead of 22, and with the same criminal history category of I, her advisory guideline range would have been 33 to 41 months' imprisonment.    See U.S SENTENCING GUIDELINES MANUAL, Sentencing Table 420 (U.S. SENTENCING COMM'N 2016).    She received a 41-month sentence.

According to the presentence investigation report ("PSI"), Fernandez Escobar was involved in a conspiracy by lending her name as nominee owner listed for two pharmacies actually owned by co-defendant Orlando Olver Bustabad, who had employed nominal owners to conceal his true ownership of companies engaged in health care fraud.    Fernandez Escobar was the registered agent and president of Rapid Pharmacy Corp. and 49th Street Pharmacy, LLC, both of which submitted Medicare claims, and in total, were paid over $1.5 million.    Fernandez Escobar cashed and withdrew certain of these pharmacies' Medicare reimbursement checks for her co-defendants, and was held responsible for an actual loss of $1,614,551 and an intended loss of $3,334,189.

This record reveals that Fernandez Escobar played an important role in facilitating, concealing, and executing the conspiracy, providing her name to shield the owners' true identities, and handling numerous monetary transactions as the sole signatory on two bank accounts.    In addition, the underlying conduct --

4

involving a conspiracy to commit healthcare and wire fraud that resulted in over $1.5 million in losses -- was serious and extensive. We also note that the sentence imposed remains within the hypothetical guideline range with the enhancement removed. See Hunt, 526 F.3d at 746. Moreover, the district court made clear that it had considered the parties' arguments, the PSI, and the 18 U.S.C. §3553(a) factors. On this record, we conclude that Fernandez Escobar has not shown that her 41-month sentence was unreasonable. See Irey, 612 F.3d at 1186. Accordingly, even under the alternative sentence and guidelines range, the district court did not abuse its discretion by imposing a 41-month sentence, and we affirm.

**AFFIRMED**.